IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JUSTIN DOW BARNES**  **PLAINTIFF**
**ADC #146325**

v.                                    No. 4:23-cv-00454-LPR-JTK

**DEANGELO EARL, et al.**                                    **DEFENDANTS**

### ORDER

The Court has reviewed the Proposed Findings and Recommendations (PFR) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 15) and the Defendants' Objections (Doc. 21). After a *de novo* review of the PFR, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the PFR in part, as follows. The Court adopts the PFR's findings and conclusions, without exception, with respect to both Plaintiff's official capacity damages claims and his request to be released on parole. As for Plaintiff's personal capacity failure-to-protect claims, the Court adopts the majority of the PFR's factual findings and agrees that these claims should proceed, subject to the limitations discussed herein.

The portion of Plaintiff's failure-to-protect claims concerning the behavior of Defendants Earl, Louis, McDaniel, and Johnson *prior* to the first attack will not go forward.[1] Here's why. The Complaint alleges that on February 1, 2022, Plaintiff told Defendant Johnson about threats he had received from other inmates.[2] In response, Defendant Johnson "moved [Plaintiff] to another

---

[1] This disposition does not affect Plaintiff's failure-to-protect claim against Defendant Robinson for her alleged failure to "call for any back up or attempt to stop the assault" on February 1, 2022. *See* Compl. (Doc. 2) at 4. That claim is still live, and attempts are still being made to serve Defendant Robinson with the Complaint. *See, e.g.*, March 18, 2024 Order Directing Service (Doc. 28). That claim is not the subject of the pending Motion to Dismiss.

[2] Compl. (Doc. 2) at 4.

1

barracks[.]"[3]  Even assuming that Plaintiff had put Defendant Johnson on notice of an objective risk of serious harm to his safety, Plaintiff has not alleged facts to show that Defendant Johnson "willfully overlooked those dangers."[4]  As for the other Defendants, the Court finds that the Complaint does not allege they were aware of the risk of harm to his safety prior to the first attack, and the Court rejects the portion of the PFR that finds to the contrary.[5]

On the other end of the timeline, to the extent Plaintiff has asserted failure-to-protect claims based on Defendants' conduct following the second attack, those claims will similarly not proceed.  Plaintiff did not allege that he was harmed in the month that elapsed between the second attack and his transfer to another prison unit, so he can't get damages.  And (for the reasons explained by the Magistrate Judge) he also can't get injunctive relief.

The Court has considered each of Defendants' Objections to the PFR, which identify numerous deficiencies in Plaintiff's Complaint.[6]  Were Plaintiff represented by counsel, those objections would be well-taken.  But the Court must construe Plaintiff's *pro se* Complaint liberally so as to do justice.  The Court has applied an incredibly liberal construction to Plaintiff's Complaint.  And, in doing so, the Court finds that Plaintiff's failure-to-protect claims against Defendants, with respect to their knowledge and actions or inactions preceding the second attack, survive at this stage of proceedings.  There's just enough—stitched together—to sufficiently allege Defendants knew of the serious risk and intentionally chose to ignore it.

Accordingly, Defendants' Motion to Dismiss (Doc. 8) is GRANTED as to Plaintiff's

---

[3] *Id*.

[4] *Kulkay v. Roy*, 847 F.3d 637, 644 (8th Cir. 2017).

[5] *See* Proposed Findings and Recommendations (Doc. 15) at 6 ("According to Plaintiff he reported to Defendants Johnson, MacDaniel, Louis, and Earl the names of the inmates who threatened him prior to the February 1, 2022 attack.").

[6] Defs.' Objections (Doc. 21).

3

official capacity damages claims, Plaintiff's request to be released on parole, and Plaintiff's personal capacity failure-to-protect claims based on Defendants' actions prior to the first attack and after the second attack. Defendants' Motion is DENIED as to Plaintiff's personal capacity failure-to-protect claims with respect to events preceding the second attack.

    IT IS SO ORDERED this 25th day of March 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE