IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JUSTIN DOW BARNES    PLAINTIFF
ADC # 146325

v.                   4:23CV00454-LPR-JTK

DEANGELO EARL, et al.    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

Justin Dow Barnes ("Plaintiff") is currently incarcerated at the Varner Unit of the Arkansas Division of Correction ("ADC"). His claims in this case arise from the time he was in custody at the ADC's Wrightsville Unit. Plaintiff sued Wrightsville Superintendent DeAngelo Earl, Deputy Warden Linda Louis, Captain Ivory McDaniel, Lieutenant Dewayne Johnson, and Corporal Marcus Robinson (collectively, "Defendants") in their official and personal capacities. (Doc. No. 2). Plaintiff alleged Defendants failed to protect him from another inmate, resulting in Plaintiff being assaulted and injured. (Id. at 4-7, 11-13). Plaintiff's claims remain pending.

Defendants have filed a Motion for Summary Judgment on the issue of exhaustion, Brief in Support, and Statement of Facts. (Doc. Nos. 36-38). On July 9, 2024, the Court directed Plaintiff, who is represented by counsel, to respond to Defendants' Motion within 30 days, or by August 8, 2024. (Doc. No. 39). At Plaintiff's request, the Court extended the time in which Plaintiff could respond to Defendants' Motion up to and including September 6, 2024. (Doc. No. 44).

To date, Plaintiff has not filed a response. Plaintiff did, however, file a Motion to Dismiss on the same day his response was due. (Doc. No. 45). Plaintiff sought dismissal of this action without prejudice, or, in the alternative, to amend his complaint. (Id.).

Defendants object to Plaintiff's request for a voluntary dismissal. (Doc. No. 46). Defendants assert that "[e]ven if Plaintiff refiles an amended complaint, the issue underlying Defendants' present motion for summary judgment will not be resolved as plaintiff has never exhausted his administrative remedies against the Defendants." (Id. at 1). As a result, Defendants urge the Court to grant their Motion for Summary Judgment on the issue of exhaustion. (Id.).

After careful consideration of the record before me, and for the reasons explained below, I recommend Plaintiff's Motion to Dismiss be granted, Plaintiff's request to amend his Complaint be denied, and Defendants' Motion for Summary Judgment on the issue of exhaustion be denied as moot.

II.     **Plaintiff's Motion to Dismiss**

Plaintiff seeks a voluntary dismissal of this case without prejudice or the chance to amend his complaint within 60 days.

A.     **Motion to Dismiss**

Plaintiff's request to voluntarily dismiss his Complaint is governed by Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Courts consider the following factors when faced with a motion to dismiss under Rule 41(a)(2) of the Federal Rules of Civil Procedure:

> (1) the . . . defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the [plaintiff] in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the . . . defendant.

Wagstaff & Cartmell, LLP v. Lewis, 40 F.4th 830, 840–41 (8th Cir. 2022); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987). As Plaintiff points out, another factor courts consider is whether the dismissal would result in a waste of judicial resources. (Doc. No. 45 at 1) (citing Thatcher v. Hanover Ins. Grp. Inc., 659 F.3d 1212, 1213-14 (8th Cir. 2011).

"The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." Paulucci, 826 F.2d at 782. Courts generally grant dismissals under Rule 41(a)(2) unless doing so would result in some legal prejudice to a defendant. Id. "Legal prejudice means 'something other than the necessity that defendant might face of defending another action.'" Mullen v. Heinkel Filtering Sys., Inc., 770 F.3d 724, 728 (8th Cir. 2014).

Here, Defendants have filed a Motion for Summary Judgment on the issue of exhaustion. Even if United States District Judge Lee P. Rudofsky were to grant Defendants' Motion, the dismissal would be without prejudice. See Barbee v. Corr. Med. Servs., Inc., Case No.10–1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion); see also Davis v. Harmon, Case No. 10–1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion). Similarly, if Judge Rudofsky grants Plaintiff's Motion to Dismiss Without Prejudice pursuant to Rule 41(a)(2), the dismissal would be without prejudice. Res judicata would not bar Plaintiff's future

claims under either scenario. Smith v. Missouri Dep't of Corr., 207 F. App'x 736, 737 (8th Cir. 2006) ("conditions of *res judicata* are not met because the first action was dismissed without prejudice.") Granting Plaintiff's Motion to Dismiss rather than Defendants' Motion for Summary Judgment would not result in legal harm to Defendants. And it would not result in a more favorable result for Plaintiff.

Because either outcome in this case—granting Defendants' Motion for Summary Judgment or granting Plaintiff's Motion to Dismiss—would be without prejudice, there is also no significant advantage to one result over the other as far as Court resources are concerned.

At this point, Defendants have not gone to great lengths to defend the claim against them. See Wagstaff, 40 F.th at 481. The discovery period is ongoing and Defendants have not filed a Motion for Summary Judgment on the merits, for example. (And again, a dismissal for failure to exhaust is without prejudice.) While Defendants invested in the preparation of their Motion in this case, they may file the Motion again in any future case Plaintiff's brings on these same allegations.

Plaintiff, who is in custody, requested a 30-day extension to respond to Defendants' Motion. (Doc. No. 43). Plaintiff requested the extension so that he could meet with counsel before filing a response. (Id.). Instead of filing a response, Plaintiff filed his Motion to Dismiss. The Court specifically informed Plaintiff that "[i]f at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure." (Doc. No. 4 at 1, fn. 1). The Court cannot say that Plaintiff excessively delayed his Motion in this situation.

4

Under the circumstances specific to this case, the relevant factors weigh in favor of Plaintiff's Motion to Dismiss being granted.

### B. Motion to Amend

In the alternative to a voluntary dismissal, Plaintiff sought to amend his Complaint. Local Rule 5.5(e) of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides: "[a] party who moves to amend a plead shall attach a copy of the amendment to the motion. The motion must contain a concise statement setting out what exactly is being amended in the new pleading . . . ." Local Rue. 5.5(e).

Plaintiff explained that the events he complained of are "just a mere sliver of the issues going on with [Plaintiff] and his custodians at the ADC." (Doc. No. 45 at ¶ 3). Plaintiff asked that the "Court allow the Complaint to be amended to include all causes of action that have occurred since February of 2022 . . . ." (Id. at ¶ 6). Plaintiff asks the Court to allow the amended pleading, but he also asks for 60 days in which to amend his Complaint.

Plaintiff gave some examples of alleged additional violations of Plaintiff's rights. (Id. at ¶ 3). But Plaintiff did not indicate specifically how his Complaint would be amended. And Plaintiff did not include a proposed amended pleading along with his request, as required by Local Rule 5.5(e). The Court does not have the benefit of reviewing the proposed amended pleading for Prison Litigation Reform Act screening purposes, and without the proposed amended pleading it is not possible to determine if leave to amend should be given. FED. R. CIV. P. 15(a)(2). Further, Defendants do not have the benefit of being able to respond to Plaintiff's Motion based on a proposed amended pleading. Because Plaintiff's request to amend did not comply with Local Rule 5.5(e) and include a proposed amended pleading—or even a detailed description of how his

Complaint would change—Plaintiff's request should be denied.[1] Plaintiff may file his claims in a new action.

All things considered, the Court recommends Plaintiff's Motion to Dismiss be granted, Plaintiff's alternative Motion to Amend be denied, and Defendants' Motion for summary judgment be denied as moot. Because the Court recommends Plaintiff's Motion to Dismiss be granted, the Court will not address Defendants' Motion for Summary Judgment on the merits.

## V.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Motion for Voluntary Dismissal (Doc. No. 45) be GRANTED;

2. Plaintiff's Motion to Amend (Doc. No. 45) be DENIED;

3. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 36) be DENIED as moot; and

4. Plaintiff's claims be DISMISSED without prejudice.

Dated this 17th day of September, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that counsel entered his appearance on Plaintiff's behalf on November 14, 2023. (Doc. No. 23). While 5.5(e) does not apply to pro se parties, Plaintiff is not proceeding pro se.